# EXHIBIT 2

EXHIBIT 2
Page 6



1  **ACKERMANN & TILAJEF, P.C.**
   Craig J. Ackermann, CA Bar No. 229832
2  cja@ackermanntilajef.com
3  1180 South Beverly Drive, Suite 610
   Los Angeles, California 90035
4  Telephone: (310) 277-0614
   Facsimile: (310) 277-0635
5
6  [*See additional counsel on next page*]
7
8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10                    FOR THE COUNTY OF LOS ANGELES
11

**FILED**
Superior Court of California
County of Los Angeles

**JUL 30 2019**

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
         Isaac Lovo

| | |
|---|---|
| Bobby Lee Hansen and Jackie Thompson, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>New Prime, Inc., a Nebraska Corporation, and DOES 1 to 100, inclusive,<br><br>          Defendant. | **CASE NO:   19STCV26419**<br>**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>**(1) PAGA PENALTIES FOR DEFENDANT'S WILLFUL MISCLASSIFICATION OF DRIVERS IN VIOLATION OF LABOR CODE SECTION 226.8 AND 2698, *ET SEQ.*;**<br>**(2) FAILURE TO PAY SEPARATELY AND HOURLY FOR TIME SPENT BY DRIVERS ON NON-DRIVING TIME (LABOR CODE §§ 1194, 1194.2 AND 226.2);**<br>**(3) FAILURE TO PROVIDE PAID REST PERIODS TO DRIVERS AND PAY MISSED REST BREAK PREMIUMS (LABOR CODE §§ 226.7; IWC WAGE ORDER NO. 9);**<br>**(4) FAILURE TO PROVIDE MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9 );**<br>**(5) FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE § 2802);**<br>**(6) FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS (LABOR CODE § 226 AND 226.2);**<br>**(7) WAITING TIME PENALTIES (LABOR CODE § 201 – 203);**<br>**(8) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2698 – 2699.5);**<br><br>**DEMAND FOR JURY TRIAL** |

---

PLAINTIFF'S CLASS ACTION COMPLAINT

EXHIBIT 2
Page 7



1 | **MELMED LAW GROUP P.C.**
Jonathan Melmed, CA Bar No. 290218
2 | jm@melmedlaw.com
3 | 1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
4 | Telephone: (310) 824-3828
Facsimile: (310) 862-6851
5 |
Attorneys for Plaintiff, the Aggrieved Employees, and the Putative Class
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

PLAINTIFF'S CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

2

EXHIBIT 2
Page 8

07/30/2019

1    Plaintiffs Bobby Lee Hansen and Jackie Thompsons ("Plaintiffs"), on behalf of themselves
2    and all others similarly situated (hereinafter "Class Members"), as well as the State of California,
3    complains and alleges as follows:

4                                    **OVERVIEW OF CLAIMS**

5         1.      Plaintiff brings this action on behalf of himself and all others similarly situated, as a
6    class action, as a PAGA representative action, and on behalf of the California general public,
7    against Defendant New Prime, Inc., ("Defendant") for (1) its willful misclassification of Plaintiff
8    and other Class Members as independent contractors; (2) its failure to pay its current and former
9    truck drivers in California separately and on an hourly basis for their time spent taking their
10   statutory rest periods and on their pre- and post-trip inspections, loading/unloading time, time
11   spent cleaning their trucks, time spent fueling their trucks and on time spent on work-related
12   paperwork (collectively referred to as "Non-Driving Tasks"); (3) its failure to provide paid rest
13   breaks and rest break premiums to its current and former drivers in California; (4) its failure to
14   provide meal periods and pay missed meal period premiums to its current and former truck driver
15   in California; (5) its failure to reimburse business expenses, including gas mileage expenses
16   incurred to its current and former truck driver in California; (6) its failure to provide complete
17   wage statements to its current and former truck drivers in California within the one year prior to
18   the filing of this Complaint; (7) its failure to pay all wages due to former employees based on the
19   foregoing; and (8) PAGA and other penalties based on the foregoing.  As a result of the foregoing,
20   Defendant has violated California statutory laws as described below.

21        2.      The "Class Period" is designated as the period from four years prior to the filing of
22   this action through the trial date.  The PAGA class period is one year from the sending of the
23   PAGA letter to the LWDA on May 10, 2019, through the present and on-going.  Defendant's
24   violations of California's wage and hour laws and unfair competition laws, as described more fully
25   below, have been ongoing throughout the Class Period.

26                                         **VENUE**

27        3.      Venue is proper in this county under section 395.5 of the California Code of Civil

28

---

EXHIBIT 2
Page 9

1  Procedure.  Many of the putative Class Members were employed and/or performed work during
2  the Class Period by Defendant in Los Angeles County.  Defendant maintains its main California
3  terminal and maintains its principal place of business and its corporate headquarters in City of
4  Industry, California in Los Angeles County.  Many of the acts alleged herein including
5  Defendant's misclassification of its drivers, failure to pay separately and hourly for Non-Driving
6  Tasks, its failure to provide labor code complaint meal and rest breaks, its failure to pay missed
7  meal and rest break premiums, and its failure to reimburse drivers for their business expenses,
8  including gas mileage expenses occurred in Los Angeles County.  Venue is therefore proper in Los
9  Angeles County.

10                                      **JURISDICTION**

11       4.       Defendant is within the jurisdiction of this Court.  Defendant transacts millions of
12  dollars of business by transporting general freight and intermodal commodities throughout
13  California.  Thus, Defendant has obtained the benefits of the laws of the State of California.  In
14  addition, Plaintiff asserts no claims arising under federal law.  Rather, Plaintiff brings causes of
15  action based solely on, and arising from, California law.  The claims of the class are also based
16  solely on California law described herein.

17                                      **THE PARTIES**

18       5.       Plaintiff Bobby Lee Hansen is a California resident and, from May 2017 through
19  March 2019, was misclassified as a contractor but was actually employed by Defendant as a truck
20  driver in California.  At all relevant times, Plaintiff held and possessed a valid California driver's
21  license allowing him to drive a truck in California.

22       6.       Plaintiff Jackie Thompson is a California resident and, from April 2018 through
23  January 2019, was misclassified as a contractor but was actually employed by Defendant as a truck
24  driver in California. At all relevant times, Plaintiff held and possessed a valid California driver's
25  license allowing him to drive a truck in California.

26       7.       From at least four years from the filing of this complaint through the present, and
27  on-going Defendant's drivers, including Plaintiffs during their employment, were willlfully

28

EXHIBIT 2
Page 10

1   misclassified as independent contractors; were not paid by Defendant for their time spent on statutory
2   rest periods and the other Non-Driving Tasks; did not receive premium payments for having been
3   provided only unpaid rest periods; were not provided accurate and/or complete wage statements;
4   were not provided timely duty free meal breaks or paid missed meal break premiums; were not
5   reimbursed for all gas mileage expenses, personal cell phone expenses for work purposes, and
6   other business expenses; and did not receive all of their wages due upon termination of
7   employment.

8        8.       Defendant is a Nebraska Corporation with its place of business in City of Industry,
9   California.  Defendant is a trucking and logistics company that transacts millions of dollars of
10  business transporting general freight and refrigerated food throughout California and neighboring
11  states.  Despite its willful misclassification of Plaintiffs and Class Members, Defendant was and is
12  the employer of Plaintiffs and Class Members for all relevant time periods.  In fact, Defendant
13  employed Plaintiffs and the Class Members as truck drivers in California at various times during
14  the Class Period.  At any one time during the Class Period, Defendant employed approximately
15  100 truck drivers in California, who were willfully misclassified as contractors.  Due to turnover
16  during the Class Period, the total number of Class Members is estimated to be over 200.

17                                  **FACTUAL ALLEGATIONS**

18       9.       Defendant operates and, at all times during the Class Period, has done and does
19  business in California transporting general freight and refrigerated food throughout California and
20  neighboring states.  Defendant, in the course of operating its business in California during the
21  Class Period, employed Plaintiffs and the Class Members, even though they were misclassified as
22  independent contractors.

23       10.      Defendant operates and maintains its terminal in California from where its drivers
24  pick up and transport general freight and refrigerated food throughout California and neighboring
25  states.  Typically, Defendant's drivers pick up general freight and refrigerated food and deliver
26  throughout California and neighboring states.  During the Class Period, Plaintiffs, like the other
27  members of the Class, typically worked ten to twelve hours per day and five to six days per week.

28

---

EXHIBIT 2
Page 11

1    Drivers' job duties included: completion of paperwork, pre- and post-trip inspections, refueling
2    and cleaning of the truck, checking the oil and motor, filling up the gas tank, loading/unloading
3    and, most importantly, hauling and delivering general freight and refrigerated foods to various
4    locations throughout California.

5         11.    Since at least one year prior to the submission of Plaintiff's PAGA letter to the
6    LWDA, Defendant has maintained policies and practices based on or including the willful
7    misclassification of Plaintiffs and Class Members as independent contractors.  Under applicable
8    standards of law, Plaintiffs and Class Members are, or were during their employment by
9    Defendant, employees and not independent contractors.

10        12.    In order to provide its transportation and logistics services, Defendant utilizes
11   Plaintiffs and Class Members as truck drivers. Defendant claims that its drivers are independent
12   contractors when, in reality, they are employees who are controlled by Defendant, paid by
13   Defendant, have Defendant's signs on their trucks when driving, and whose relationship with
14   Defendant can be terminated by Defendant for cause.  Defendant pays its drivers per load
15   delivered or per mile driven.

16        13.    Defendant retained and retains the right to control the method and manner of how
17   Plaintiffs and Class Members performed his and their job duties, and retained and retains all
18   necessary control over Plaintiffs and the Class Members during his and their employment.  Among
19   other things, Plaintiffs and Class Members are required to follow detailed requirements imposed
20   on them by Defendant governing their interaction with customers and their deliveries; for example,
21   Defendant maintains strict time deadlines for its drivers to make their deliveries to Defendant's
22   customers. Further, Defendant sets driver's rates, and directs when and where to make their
23   deliveries. As a result, under applicable law, Plaintiffs and Class Members were employees of
24   Defendant. *See, e.g. Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.App.4th  522; *Ruiz*
25   *v. Affinity Logistics, Corp.,* 754 F.Supp.3d 1093 (9th Cir. 2014) (employer's right to control detail
26   of drivers' work support finding of employer-employee relationship); *Alexander v. FedExGround*
27   *Package System, Inc.* 765 F.Supp.3d 381 (9th Cir. 2014) (driver were employees as a matter of law

28

EXHIBIT 2
Page 12

1    where FedEx controlled times drivers worked and controlled aspects of when packages would be

2    delivered); *See*, also, *Taylor v. Shippers Transport Express, Inc.,* 2014 W.L. 7499046 (C.D. Cal.

3    2014) (finding employee status for drivers as a matter of law); and *Villapando v. Excel Direct,*

4    *Inc.,* 2015 W.L. 15179486 (N.D. Cal. 2015) (granting summary judgment to Plaintiffs on

5    Defendant's defense that the drivers at issue were independent contractors)[1].

6        14.    Since at least four years from the filing of this complaint through the present, and

7    on-going, Class Members, at the direction of Defendant and/or with Defendant's knowledge and

8    acquiescence, have used their personal cell phones to remain in contact with their managers,

9    dispatchers and customers to perform necessary work-related duties on California routes. Further,

10   Defendant's dispatchers and managers routinely communicated with Plaintiffs and Class Members

11   for necessary business-related matters by calling and texting them on their personal cell phones.

12   Class Members, throughout their workdays, also use their personal cell phone to remain in contact

13   with their managers, dispatchers and, in many cases, Defendant's customers, all with the

14   knowledge and/or acquiescence of Defendant.

15       15.    Class Members, in order to conduct their daily work, incurred significant costs in

16   fueling their trucks amounting to hundreds of dollars each per month.

17       16.    Defendant retains the right to terminate Plaintiffs and Class Members' working

18   relationships with Defendant at its discretion.

19       17.    Plaintiffs and Class Members regularly rendered their services to Defendant, which

20   constituted a form of manual labor, and these services were an integral part of Defendant's

21   business of providing delivery service to its customers.

22       18.    Through the performance of their job duties, Class Members, including Plaintiffs,

23   perform an integral and entirely essential aspect of Defendant's business of delivering products

24   and materials to customers: Defendant is a truck driving company, Plaintiff and Class Members

25   are its truck drivers.

26

27   [1] Defendant routinely misclassified Plaintiff and its other truck drivers under the *Dynamex* decision, which also may
     apply here, if *Dynamex* is retroactive. *See Dynamex Operations Westm Inc., v. Superior Court* , 4 Cal.5th 903
28   (Cal. 2018).

EXHIBIT 2
Page 13

19.   Defendant's willful misclassification of Plaintiffs were part of a pattern or practice of willful misclassification of Plaintiffs and the other Class Members.  Accordingly, Plaintiffs and the other Class Members are entitled to the stepped-up penalties as set forth in Labor Code Section 226.8(c).

20.   During the Class Period, Defendant compensated drivers based on a "per mile or per load" piece-rate compensation system with no additional and separate pay on an hourly basis for time spent on rest breaks, inspections, cleaning/fueling and/or paperwork and loading and unloading time (i.e. the Non-Driving Tasks).

21.   Plaintiffs, like other members of the Class, typically spent approximately 30 minutes to an hour every day fueling their trucks.

22.   Plaintiffs, like other members of the Class, typically spent one to two hours per day on work related paperwork and another half hour per day on pre- and post-trip inspections before and after each route.

23.   Plaintiffs, like other members of the class, typically spent one to two hours per day loading and unloading the truck at pickup and drop-off locations.

24.   Throughout the Class Period, Defendant failed to adopt meal and rest break policies consistent with California law applicable to Class Members on their California routes.  By virtue of the misclassification, Defendant did not maintain a policy authorizing its driver to take paid rest breaks amounting to 10 minutes of time for each four hours of work or major fraction thereof on their shifts in California.  On a routine basis, Plaintiffs and members of the Class worked shifts that were longer than 10 hours, including California routes that began and ended in California.  During the Class Period, Defendant's truck drivers in California were not authorized to take paid rest breaks.  When drivers took rest breaks in California, they were not paid for them hourly and separately.

25.   Under California law, Defendant was and is obligated to pay drivers, including Plaintiff, separately and hourly for their rest break time in California.  *See Labor Code 226.2; Bluford v. Safeway Stores, Inc.*, (2013) 216 Cal. App. 4th 864, 872-73 ("Thus, contrary to

1   Safeway's argument, a piece-rate compensation formula that does not compensate separately for
2   rest periods does not comply with California minimum wage law."); *Shook v. Indian Transport*
3   *Co.*, 2014 WL 7178199 (E.D.Cal. Dec. 15, 2014) (adopting *Bluford* and noting that, "IRT has not
4   identified any split in the California appellate courts that would indicate that there is any
5   disagreement over whether piece-rate workers must be separately compensated for breaks");
6   *Cardenas v. McLane FoodServices, Inc.* (C.D.Cal.2011) 796 F.Supp.2d 1246, 1252 (piece-rate pay
7   system that did not separately pay truck drivers for rest periods and other non-driving tasks
8   violates California law requiring compensation for each hour worked); and, *Gonzalez v. Downtown*
9   *LA Motors, LP*, (2013) 215 Cal. App. 4th 36, 49 (favorably citing and adopting *Cardenas*).

10      26.     Furthermore, by virtue of the fact that Defendant provided only unpaid rest breaks
11  to truck drivers, Defendant failed and still fails to provide compliant rest breaks to Plaintiffs and
12  the Class, in accordance with Section 12 of IWC Wage Order No. 9 and applicable law.

13      27.     Under California Labor Code Section 512 and IWC Wage Order No. 9, no
14  employer shall employ any person for a work period of more than five (5) hours without providing
15  a meal period of not less than thirty (30) minutes. During this meal period of not less than thirty
16  (30) minutes, the employee is to be completely free of the employer's control and must not
17  perform any work for the employer. If the employee does perform work for the employer during
18  the thirty (30) minute meal period, the employee has not been provided a meal period in
19  accordance with the law. Also, the employee is to be compensated for any work performed during
20  the thirty (30) minute meal period. Finally, an employer may not employ an employee for a work
21  period of more than ten (10) hours a day without providing the employee with another meal period
22  of not less than thirty (30) minutes.

23      28.     Under California Labor Code Section 226.7, if the employer does not provide an
24  employee a meal period in accordance with these requirements, the employer shall pay the
25  employee one (1) hour of pay at the employee's regular rate of compensation for each workday
26  that the meal period is not provided. Here, despite the fact that its drivers were never authorized to
27  take their timely 30-minute duty-free meal breaks, on or before the fifth and tenth hours of time

28

EXHIBIT 2
Page 15

1 | shifts, Defendant never paid any missed meal break premiums to its drivers.

2 |      29.    Furthermore, by virtue of the misclassification, Defendant does not issue adequate
3 | wage statements to its truck drivers in California, under Labor Code Sections 226(a) and 2262.
4 | Specifically, Defendant has not and does not issue wage statements that include drivers' total
5 | hours worked and all applicable hourly rates in effect during the pay period and the corresponding
6 | number of hours worked at each hourly rate in violation of Labor Code Section 226(a), including
7 | for all time spent on Non Driving Tasks, and time spent on rest periods. *See,* Labor Code § 226.2.

8 |      30.    Courts in California have held, in the summary judgment context, even before the
9 | passage of Labor Code Section 226.2, that drivers' hours must be reported on their paystubs, even
10 | in cases where drivers are paid on a piece-rate basis. *See, Cicairos v. Summit Logistics* (2005) 133
11 | Cal.App.4th 949, 960-961 ("The "Driver Trip Summary—Report of Earnings" statements, which
12 | drivers received with their earnings statements, did not remedy the deficiencies in the earnings
13 | statements. The trip summaries showed a time the driver was dispatched, which was one or more
14 | times on a working day. After the dispatch time were columns for how many miles traveled, stops,
15 | delay minutes, and other categories. The summaries did not, however, show how many hours the
16 | driver worked each day or during the pay period. Thus, the defendant failed to provide the Plaintiff
17 | with itemized wage statements that meet the requirements of Labor Code section 226"); *McKenzie*
18 | *v. Federal Express Corp.*, 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) ("[T]he Court finds that
19 | FedEx violated Section 226(a)(2) by failing to state the "total hours worked by [an] employee" in
20 | its wage statements"); *Cornn v. United Parcel Service, Inc.*, 2006 W.L. 449138, *2-3 (N.D.Cal.
21 | 2006) (denying defendant's motion for summary judgment on Section 226 claim and noting,
22 | "[i]nstead, the Court holds that if UPS failed to report the actual number of hours worked on
23 | Plaintiff's wage statements, then the company violated section 226."). This is also now clear from
24 | Labor Code Section 226.2(a)(1)-(2).

25 |      31.    Furthermore, for purposes of establishing a claim for PAGA penalties based on
26 | Labor Code Section 226, Plaintiff need not establish any "injury" other than showing that the
27 | paystubs lacked the hours worked required by Labor Code section 226(a)(2). *See, McKenzie v.*

28 |

EXHIBIT 2
Page 16

1     *Fed. Express Corp.,* 765 F.Supp.2d 1222 (C.D. 2011) (holding that drivers' wage statements were

2     deficient as a matter of because, *inter alia*, the statements lacked drivers' total hours worked, and

3     also determining that to recover PAGA penalties based on a deficient wage statement, a Plaintiff

4     need not prove an "injury", and could move for summary judgment on behalf of other Class

5     Members).

6          32.      Defendant does not maintain an expense reimbursement policy and/or practice

7     stating that Defendant will affirmatively reimburse Class Members for a reasonable portion of

8     their monthly personal fuel and cell phone bills and other expenses necessarily incurred in their

9     discharge of their duties, as required by *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4[th]

10    1137 (Cal. Aug. 12, 2014) ("We hold that when employees must use their personal cell phones for

11    work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether

12    the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement

13    owed is a reasonable percentage of their cell phone bills.") (reversing denial of class certification

14    in cell phone reimbursement class action and setting forth the applicable law for these claims);

15    *Aguilar v. Zep, Inc.*, 2014 WL 4245988 *17 (N.D.Cal. Aug. 27, 2014) (granting plaintiffs' motion

16    for partial summary judgment on the plaintiffs' cell phone reimbursement claim); *Ritchie v. Blue*

17    *Shield of California*, 2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014) (Hon. Edward Chen)

18    (certifying class of cell phone reimbursement claim and adopting the logic of *Cochran*). By virtue

19    of its willful misclassification of the Class, Defendant violated Labor Code § 2802 by failing to

20    reimburse Plaintiffs and the Class for their business related expenses including gas expenses

21    incurred, cell phones bills, license plate registration and fees, insurance expenses for operating

22    their trucks and costs of maintenance and repairs. As a result, Plaintiffs and members of the class

23    spent hundreds of dollars each month on non-reimbursed business-related expenses that should

24    have been paid for by the Defendant.

25          33.      Following Plaintiffs separation of employment from Defendant, they, like other

26    members of the Class who are former employees of Defendant, did not receive all wages due,

27    including wages due for his unpaid rest breaks and unpaid time for Non-Driving Tasks during the

28

EXHIBIT 2
Page 17

1    Class Period, in violation of Labor Code Sections 201-203, triggering waiting time penalties under
2    those provisions.

3                                    **CLASS ACTION ALLEGATIONS**

4           34.    Plaintiffs bring this action, on behalf of themselves and all others similarly situated,
5    as a class action pursuant to Code of Civil Procedure § 382.  Plaintiffs seek to represent a Class
6    composed of and defined as Plaintiffs and all California residents who worked as truck drivers and
7    who are or have been classified as independent contractors by Defendant in California during the
8    four years prior to the filing of this action and through the date of an order certifying the class in
9    this case (hereinafter "Class Members").  All such Class Members were subject to Defendant's
10   unlawful misclassification, and, as a result, were not paid for all hours worked, were not provided
11   code-compliant meal or rest breaks, and were not reimbursed for their out-of-pocket business
12   expenses.

13          35.    This action has been brought and may properly be maintained as a class action
14   under Code of Civil Procedure § 382 because there is a well-defined community of interest in the
15   litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the
16   Class:

17          a.    Numerosity:   The potential members of the Class as defined are so
18   numerous that joinder of all the members of the Class is impracticable.  While the precise number
19   of Class Members has not been determined at this time, Plaintiffs are informed and believe that
20   Defendant has, on average, during the Class Period employed over 100 Class Members as truck
21   drivers in California who were subject to Defendant's unlawful misclassification. Due to turn-over,
22   the total number of Class Members, including Class Members who are no longer associated with
23   Defendant, is estimated to be more than 200.  The Class Members are dispersed throughout
24   California.  Joinder of all members of the proposed classes is therefore not practicable.

25          b.    Commonality:  There are questions of law and fact common to Plaintiffs and
26   the Class that predominate over any questions affecting only individual members of the Class.
27   These common questions of law and fact include, without limitation:

28

EXHIBIT 2
Page 18

1          i.    Whether Defendant violated Section 226.8 of the Labor Code by willfully

2    misclassifying Plaintiffs and Class Members as independent contractors, and whether there was a

3    pattern or practice of misclassified drivers.

4          ii.    Whether Defendant violated sections 1194, 1194.2, and 226.2 of the Labor

5    Code by failing to pay Plaintiffs and the members of the Class separately and on an hourly basis

6    for their time spent on their statutory rest breaks and other Non Driving Tasks engaged in by

7    members of the Class on a daily basis during the Class Period;

8          iii.    Whether Defendant violated Section 12 of IWC Wage Order No. 9 by

9    failing to provide paid rest periods to Plaintiffs and the members of the Class in California during

10   the Class Period;

11         iv.    Whether Defendant violated Labor Code sections 512 and 226.7, and

12   section 11 of IWC Wage Order No. 9 by failing to pay one hour of premium pay to each member of

13   the Class for each day that a paid meal break was not provided during the Class Period;

14         v.    Whether Defendant violated Labor Code section 226.7 by failing to provide

15   timely off-duty meal periods to Plaintiffs and the Class Members in California during the Class

16   Period;

17         vi.    Whether Defendant violated Labor Code section 226.7 by failing to provide

18   one hour of premium pay to each member of the Class for each day that an off-duty meal period was

19   not provided in California during the Class Period;

20         vii.    Whether Defendant violated Section 203 of the Labor Code by failing to pay

21   members of the Waiting Time Penalty Subclass for all wages due to them (including their pay due

22   for unpaid rest breaks and the other Non Driving Tasks) upon their separation of employment from

23   Defendant;

24         viii.    Whether Defendant failed to provide Plaintiffs and the members of the Class

25   complete wage statements with information included about their total hours worked and time spent

26   on rest periods and other Non-Driving tasks during each pay period in violation of Labor Code

27   Section 226(a) and 226.2;

28

EXHIBIT 2
Page 19

1      ix. Whether Defendant owes penalties pursuant to PAGA for (a) misclassifying

2 its employees; (b) non-payment of rest breaks and time spent on the Non Driving Tasks within the

3 last year; (c) not providing or authorizing meal periods or paying missed meal period premiums (d)

4 not providing paid rest breaks or paying missed rest break premiums; (e) not reimbursing gas

5 mileage, maintenance, and insurance expenses; and (f) not providing wage statements to its drivers

6 within the last year prior to the filing of the Complaint in this case and ongoing;

7      x. The proper formula(s) for calculating damages, interest, and restitution

8 owed to Plaintiff and the Class Members;

9      xi. The nature and extent of class-wide damages.

10    c. Typicality: Plaintiffs' claims are typical of the claims of the Class. Both

11 Plaintiffs and Class Members sustained injuries and damages, and were deprived of property

12 rightly belonging to them, arising out of and caused by Defendant's common course of conduct in

13 violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

14    d. Adequacy of Representation: Plaintiffs are members of the Class and will

15 fairly and adequately represent and protect the interests of the Class and Class Members.

16 Plaintiffs' interests do not conflict with those of Class and Class Members. Counsel who represent

17 Plaintiffs are competent and experienced in litigating large wage and hour class actions, including

18 numerous cases virtually identical to this one (i.e., trucker wage and hour class action cases), and

19 other employment class actions, and will devote sufficient time and resources to the case and

20 otherwise adequately represent the Class and Class Members.

21    e. Superiority of Class Action: A class action is superior to other available

22 means for the fair and efficient adjudication of this controversy. Individual joinder of all Class

23 Members is not practicable, and questions of law and fact common to the Class predominate over

24 any questions affecting only individual members of the Class. Each Class Member has been

25 damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or

26 practices. Certification of this case as a class action will allow those similarly situated persons to

27 litigate their claims in the manner that is most efficient and economical for the parties and the

28

EXHIBIT 2
Page 20

judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful compensation and non-reimbursement policies, and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendant's, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

### FIRST CAUSE OF ACTION
### PAGA PENALTIES FOR WILLFUL MISCLASSIFICATION OF ALL OF DEFENDANT'S DRIVERS
#### [Cal. Labor Code §§ 2698 *et seq.* and 226.8(a)(1) and 226.8(b) or 226.8(c)]
#### On behalf of Plaintiffs and the PAGA Class

36.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

37.     Plaintiffs and similarly situated employees are "Aggrieved Employees" under the PAGA as they were employed by Defendant during the applicable statutory period and suffered the Labor Code violation alleged herein. At all times relevant hereto, Plaintiffs and Aggrieved Employees were employees for purposes of the California Labor Code, although they were willfully misclassified as independent contractors.

38.     In violation of the Labor Code provisions cited herein and in willful violation of California law and public policy, Defendant intentionally misclassified Plaintiffs and Aggrieved Employees as independent contractors in violation of Labor Code § 226.8(a). This was part of a pattern as practice of willful misclassification of all, or virtually all, of Defendant's drivers thereby triggering heightened penalties under sections 226.8(b) and (c).

39.     The administrative prerequisites of PAGA will be satisfied after 65 days have elapsed from May 10, 2019 (i.e. 65 days since Plaintiffs' mailing of the PAGA notice with no further communication from the LWDA to Plaintiffs counsel). The actionable period is one year prior to the sending of the LWDA letter through the present. Plaintiffs have paid the $75.00 fee

EXHIBIT 2
Page 21

1 | and has otherwise satisfied the administrative prerequisites of PAGA, as amended.

2 | 40. Plaintiffs by this action seeks to recover, on behalf of themselves and all other

3 | current and former Aggrieved Employees of Defendant, the civil penalties provided by PAGA, as

4 | specified in Labor Code § 2699(f). Plaintiffs seek to recover the PAGA civil penalties through a

5 | representative action as permitted by PAGA and the California Supreme Court in *Arias v. Superior*

6 | *Court*, 46 Cal. 4th 969(2009). Therefore, class certification of the PAGA claims is not required,

7 | but Plaintiffs may choose to seek certification of the PAGA claims.

8 |
9 |
10 |

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY SEPARATELY AND HOURLY FOR TIME SPENT**
**BY DRIVERS ON NON-DRIVING TASKS IN CALIFORNIA**
**[Cal. Labor Code §§ 1194; 1194.2, and 226.2]**
**On behalf of Plaintiffs and the Class**

11 | 41. Plaintiffs re-allege and incorporate by reference each and every allegation set forth

12 | in the preceding paragraphs.

13 | 42. The actionable period for this cause of action is three years prior to the filing of this

14 | Complaint through the present, and on-going until the violations are corrected or the Class is

15 | certified.

16 | 43. Section 1194 of the Labor Code provides, in relevant part:

17 |
18 |
19 |
20 |

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than minimum wage…applicable to the employee is entitle to recover in a civil action the unpaid balance of the full amount of this minimum wage …, including interest thereon, reasonable attorney's fees, and costs of suit.

21 | 44. Section 1194.2 of the Labor Code provides, in relevant part:

22 |
23 |
24 |

In any action under…Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

25 | 45. As set forth above, during the Class Period, although Plaintiffs and the Class

26 | Members were misclassified, they were, in reality, employees of Defendant. Moreover, during the

27 | Class Period, Plaintiff and Class Members took several statutory rest periods during their routes.

28 | Further, as set forth above, during the Class Period, Plaintiffs and Class Members engaged in

EXHIBIT 2
Page 22

1 | several Non-Driving Tasks during their shifts. Plaintiffs and the members of the Class were paid
2 | on a per mile driven or percentage per load basis, but Defendant did not separately compensate
3 | drivers on an hourly basis for their time spent on statutory rest periods or Non-Driving Tasks in
4 | violation of Labor Code § 1194.

5 | 46. Accordingly, during the Class Period, Plaintiffs and the members of the Class did
6 | not receive minimum wage for their on-duty time spent taking statutory rest breaks and on Non-
7 | Driving Tasks.

8 | 47. In failing to pay drivers for their time spent on rest periods and the Non-Driving
9 | Tasks separately particularly after the issue of *Gonzalez* and *Bluford* in 2013, and certainly for any
10 | violations after January 1, 2016, when Section 226.2 became effective, Defendant operated in bad
11 | faith given the cases and the state of the law set forth above. Accordingly, pursuant to sections
12 | 1194, 1194.2, and 226.2 of the California Labor Code, Plaintiffs and the Class are entitled to
13 | recover, either their unpaid hourly wages due, or minimum wage plus interest and/or liquidated
14 | damages in an additional amount equal to the total amount of wages unlawfully withheld during
15 | the Class Period for truck drivers' rest period time.

16 | 48. Pursuant to section 1194.2 of the Labor Code, Plaintiffs and the Class are also
17 | entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

18 | 19 | 20 |
**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID REST PERIODS TO**
**DRIVERS AND PAY MISSED REST BREAK PREMIUMS**
[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 9]
**On behalf of Plaintiffs sand the Class**

21 |
22 | 49. Plaintiffs re-allege and incorporate by reference each and every allegation set forth
in the preceding paragraphs.

23 | 24 | 25 |
50. The actionable period for this cause of action is three years prior to the filing of the
Complaint through the present, and on-going until the violations are corrected or the Class is
certified.

26 | 27 | 28 |
51. California Labor Code § 226.7(a) provides, "No employer shall require any
employee to work during any meal or rest period mandated by an applicable order of the Industrial

07/30/2019

EXHIBIT 2
Page 23

1 Welfare Commission."

2     52.     Section 12 of IWC Wage Order No. 9 provides: "(A) Every employer shall

3 authorize and permit all employees to take rest periods, which insofar as practicable shall be in the

4 middle of each work period. The authorized rest period time shall be based on the total hours

5 worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

6 thereof. However, a rest period need not be authorized for employees whose total daily work time

7 is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours*

8 *worked for which there shall be no deduction from wages*." (emphasis added).

9     53.     Courts have interpreted Section 12 of the applicable Wage Order to mean that

10 employees paid on a piece-rate must receive separate and hourly pay for their time spent on rest

11 breaks. *See, e.g., Bluford v. Safeway Stores, Inc*., (2013) 216 Cal. App. 4th 864, 872-73 ("Thus,

12 contrary to Safeway's argument, a piece-rate compensation formula that does not compensate

13 separately for rest periods does not comply with California minimum wage law.").

14     54.     As alleged herein, although misclassified, Plaintiffs and the Class were employees

15 of Defendant. By failing to provide its drivers paid on a piece-rate with paid rest periods of 10

16 minutes for each 4 hours of work, Defendant has violated California Labor Code § 226.7, and is

17 liable to Plaintiff and the Class.

18     55.     As a result of the unlawful acts of Defendant, Plaintiffs and the Class were not

19 provided paid rest breaks, and are entitled to recovery under Cal. Labor Code §226.7 in the amount

20 of one additional hour of pay at the employee's regular rate of compensation for each work period

21 during each day in which Defendant failed to provide drivers with paid rest periods as required by

22 California law.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE
### TO PAY MISSED MEAL BREAK PREMIUMS
### [Cal. Labor Code §§ 226.7, 512]
### On behalf of Plaintiff and the Class

26     56.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth

in the preceding paragraphs.

07/30/2019

EXHIBIT 2
Page 24

57.     The actionable period for this cause of action is three years from the filing of this action through the present.

58.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

59.     Section 11(A) and (B) of IWC Wage Order No. 9 provide that:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60.     Section 11(C) of IWC Wage Order No. 9 provides that

> Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an —on duty‖ meal period and counted as time worked. An —on duty‖ meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

61.     Finally, Section 11(D) of IWC Wage Order No. 9 provides that

> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

62.     As alleged herein by virtue of the misclassification of Defendant's drivers, and by failing to provide its drivers with duty-free timely 30-minute meal breaks, on their California routes greater than 5 hours in length, Defendant has violated California Labor Code § 226.7 and IWC Wage Order No. 9, and is liable to Plaintiffs and the Class.

63.     As a result of the unlawful acts of Defendant, Plaintiffs and the Class were not provided timely duty-free meal breaks, and are entitled to recovery under Cal. Labor Code §226.7

07/30/2019

EXHIBIT 2
Page 25

1   in the amount of one additional hour of pay at the employee's regular rate of compensation for
2   each work period greater than 5 hours in California during each day in which Defendant failed to
3   provide drivers with timely duty-free meal periods as required by California law.

**FIFTH CAUSE OF ACTION**
**FAILURE TO REIMBURSE BUSINESS EXPENSES**
**[Cal. Labor Code § 2802]**
**On Behalf of Plaintiffs and the Class**

7   64.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth
8   in the preceding paragraph.

9   65.    The actionable period for this cause of action is three years prior to the filing of the
10  Complaint through the present, and on-going until the violations are corrected or the subclass is
11  certified.

12  66.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her
13  employee for all necessary expenditures or losses incurred by the employee in direct consequence
14  of the discharge of his or her duties."

15  67.    By virtue of its misclassification of Plaintiffs and the Class as independent
16  contractors when they were, in reality, employees, Defendant failed to reimburse Plaintiffs and the
17  Class for their business-related expenses that were necessary to perform their jobs, including gas
18  mileage expenses, insurance premiums for their trucks, and the costs of mileage and repairs for
19  their trucks, as well as for work-related cell phone usage and expenses.

20  68.    As a result, throughout the Class Period, Plaintiffs and the Class incurred hundreds
21  of dollars per month in unreimbursed expense for which they are entitled to be reimbursed, plus
22  interest.

23  69.    Defendant's failure to pay for or reimburse the work-related business expenses of
24  Plaintiff and Class Members violated non-waivable rights secured to Plaintiffs and Class Members
25  by Labor Code § 2802. *See* Labor Code § 2804. Plaintiffs and similarly situated Class Members
26  are entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees
27  and costs, under Labor Code § 2802(c).

28  //

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
**[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]**
**On behalf of Plaintiffs and the Wage Statement and Penalty Subclass**

70.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.    The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are connected or the subclass is certified.

72.    Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall...furnish each of his or her employees...an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all -deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee...

73.    As set forth above, during the Class Period, due to misclassification, Defendant failed to issue wage statements to its truck drivers in California, including Plaintiffs, that complied with Labor Code Section 226(a). Moreover, Labor Code Section 226.2(a)(2)(A) provides that, for piece-rate workers, "The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following to which Section 226 shall also be applicable: (A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period." The total amount of non-productive working time (i.e., non-driving time) must also appear on the wage statement.    *See,* Labor Code Section 226.2(a)(2)(B).    Defendant's "wage statements" were

07/30/2019

EXHIBIT 2
Page 27

1  inadequate. Defendant failed to identify itself as the employer. Defendant's "wage statements"
2  also did not include total hours worked, the total amount of time spent on rest periods & other
3  Non-Driving Tasks, and all applicable hourly rates in effect during the pay period and the
4  corresponding number of hours worked at each hourly rate in violation of Labor Code Sections
5  226(a) and 226.2.

6      74.    Defendant's failure to comply with section 226(a) of the Labor Code was knowing
7  and intentional, particularly following the issuance of *McKenzie v. Federal Express,* and/or the
8  passage of Section 226.2.

9      75.    As a result of Defendant's issuance of inaccurate itemized wage statements to
10  Plaintiffs and members of the wage statement and penalty subclass (i.e., those members of the
11  class who were employed by Defendant during the actionable period for this cause of action) in
12  violation of section 226(a) of the California Labor Code, Plaintiffs and the Class are each entitled
13  to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not
14  exceeding an aggregate penalty of $4,000 per Plaintiffs and per every member of the Class from
15  Defendant pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

16                        **SEVENTH CAUSE OF ACTION**
                          **WAITING TIME PENALTIES FOR**
17                **FAILURE TO PAY WAGES DUE ON TERMINATION**
                         **[Cal. Labor Code §§ 201-203]**
18      **On Behalf of Plaintiffs and the Waiting Time Penalty Subclass**

19      76.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth
20  in the preceding paragraphs.

21      77.    The actionable period for this cause of action is three years prior to the filing of the
22  Complaint through the present, and on-going until the violations are corrected or the subclass is
23  certified.

24      78.    Sections 201 and 202 of the California Labor Code require Defendant to pay all
25  compensation due and owing to former drivers in the Class during the actionable period for this
26  cause of action, at or around the time that their employment is terminated.

27      79.    Section 203 of the California Labor Code provides that if an employer willfully
28

07/30/2019

EXHIBIT 2
Page 28

1    fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and

2    202, then the employer is liable for penalties in the form of continued compensation up to thirty

3    (30) work days.

4         80.    By virtue of its willful misclassification of drivers, Defendant willfully failed to pay

5    Plaintiffs and other members of the waiting time penalty Class (i.e., those members of the Class

6    whose employment with Defendant ended the actionable period for this cause of action) who are

7    no longer employed by Defendant for their time spent on statutory rest breaks and the other Non-

8    Driving Tasks prior to or upon termination or separation from employment with Defendant as

9    required by California Labor Code §§ 201 and 202.

10        81.    As a result, Defendant is liable to Plaintiffs and other members of the waiting time

11   penalty subclass who are no longer employed by Defendant for waiting time penalties amounting

12   to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor

13   Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination

14   entitles an employee to recover waiting time penalties).

15   <center>**EIGHTH CAUSE OF ACTION**<br>**LABOR CODE PRIVATE ATTORNEY GENERAL ACT**</center>

16   <center>**PAGA PENALTIES FOR LABOR CODE VIOLATIONS OTHER THAN**<br>**MISCLASSIFICATION**</center>

17   <center>**(Labor Code §§ 2698-2699.5; 558)**</center>

18   <center>**On Behalf of Plaintiffs and the PAGA Subclass**</center>

19        82.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth

20   in the preceding paragraphs.

21        83.    Plaintiffs and those members of the class who were employed by Defendant within

22   the last year are, "aggrieved employees" under PAGA as they were employed by Defendant during

23   the applicable statutory period and suffered the Labor Code violations alleged herein; specifically,

24   violations of §§ 1194, 1194.2, 226.2, 226.7, 512 and 2802 of the Labor Code. Plaintiffs were

25   employed by Defendant during the one year preceding the submission of a PAGA letter to the

26   LDWA on or around May 10, 2019. As such, they seek to recover, on behalf of themselves and all

27   other current and former aggrieved employees of Defendant, the civil penalties provided by

28

07/30/2019

EXHIBIT 2
Page 29

1  PAGA.

2      84.    The aggrieved employees are all current and former employees of Defendant who
3  were employed as truck drivers in California and who were misclassified as independent
4  contractors by Defendant, were not paid separately and hourly for their time spent taking rest
5  breaks, and for their time spent on the Non-Driving Tasks, were not paid premiums for non-
6  compliant rest breaks, did not receive missed meal period premiums, and who did not receive
7  reimbursements for their gas mileage, cell phone expenses and other business expenses, during the
8  period of time from one year prior to the submission of Plaintiffs letter to the LDWA on May 10,
9  2019, through the present and on-going.

10     85.    Plaintiffs seek to recover the PAGA civil penalties through a representative action
11 as permitted by PAGA and the California Supreme Court in *Arias v. Superior Court* (2009), 46
12 Cal.4th 969.  Therefore, class certification hereby of the PAGA claims is not required, but Plaintiff
13 may choose to seek certification of the PAGA claims.

14     86.    Pursuant to Labor Code § 2699.3 (a), on May 10, 2019, Plaintiffs gave written
15 notice by certified mail to Defendant, and to the Labor and Workforce Development Agency
16 ("LWDA") of his claims, including the facts and theories supporting all claims outlined in this
17 Complaint.  Accordingly, Plaintiffs will have have fulfilled all administrative prerequisites to the
18 pursuit of their PAGA claim on behalf of themselves and all other current and former aggrieved
19 employees of Defendant after 65 days have elapsed from May 10, 2019.

20                                    **JURY DEMAND**

21     87.    Plaintiffs hereby demands trial by jury of their and the Class's claims against
22 Defendant.

23                                  **PRAYER FOR RELIEF**

24     Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for
25 judgment against Defendant as follows:

26     1.    An Order than this action may proceed and be maintained as a class action;

27

28

EXHIBIT 2
Page 30

2.     On the First Cause of Action:

a.     That the Court find that Defendant violated California Labor Code §§ 226.8(a)(1) by willfully misclassifying Plaintiffs and Aggrieved Employees as independent contractors.

b.     That Plaintiffs and other Aggrieved Employees be awarded penalties, at a minimum, as specified in Labor Code §226.8(b).

c.     That the Court find, additionally, the Defendant engaged in a pattern or practice of willful misclassification of Plaintiffs and the Aggrieved Employees.

d.     That Plaintiffs and other Aggrieved Employees be awarded penalties, upon a finding of a pattern or practice, as specified in Labor Code § 226.8(c) in lieu of the penalties in 226.8(b).

e.     That the Court award attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

3.     On the Second Cause of Action:

a.     A declaratory judgment that Defendant violated sections 1194, 1194.2, and 226.2 of the California Labor Code by failing to pay Plaintiffs and other members of the Class hourly and separately for their time spent on statutory rest periods and the Non-Driving Tasks during the class period;

b.     An award to Plaintiffs and other members of the Class in the amount of their unpaid wages owed to them for their time spent on statutory rest periods, plus interest and/or liquidated damages during the class period;

c.     An award to Plaintiffs and the other members of the Class in the amount of their unpaid wages owed to them for their time spent on the other Non-Driving Tasks during the class period, plus interest; and/or liquidated damages;

d.     An award to Plaintiffs and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

1    4.    On the Third Cause of Action:

2         a.    A declaratory judgment that Defendant has violated California Labor Code

3    § 226.7, and Section 12 of IWC Wage Order No. 9-2001;

4         b.    Pursuant to Cal. Labor Code § 226.7, an award to Plaintiffs and the Class

5    Members for an hour of pay for each day that a paid rest period was not provided during the Class

6    Period;

7    5.    On the Fourth Cause of Action:

8         a.    A declaration judgment that Defendant has violated California Labor Code

9    226.7 and Section 11 of the IWC Wage Order No. 9-2001;

10        b.    Pursuant to Cal. Labor Code 226.7, an award to Plaintiffs and the Class

11   Members for an hour of pay for each workday in California that a duty-free meal period was not

12   provided during the Class Period;

13   6.    On the Fifth Cause of Action:

14        a.    A declaratory judgement that Defendant violated Labor Code § 2802;

15        b.    Pursuant to 2802 (a)-(c), reimbursement for all at the unreimbursed business

16   and gas-mileage, repairs, insurance and work-related cell phone expenses incurred by Plaintiffs

17   and the Class, plus interest and attorney's fees.

18   7.    On the Sixth Cause of Action:

19        a.    A declaratory judgment that Defendant violated California Labor Code §

20   226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours

21   worked and all applicable hourly rates in effect during the pay period and the corresponding

22   number of hours worked at each hourly rate to Plaintiffs and the wage statement and penalty

23   subclass members;

24        b.    An award to Plaintiffs and Class Members of $50 for each initial pay period

25   in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a

26   violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as

27   an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e).

28

07/30/2019

1      8.     On the Seventh Cause of Action:

2          a.     A declaratory judgment that Defendant violated California Labor Code §§

3 201 through 203;

4          b.     Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiffs and

5 the waiting time penalty subclass members for waiting time penalties in the amount of 30 days'

6 wages per waiting time penalty subclass Class Member.

7      9.     On the Eighth Cause of Action:

8          a.     A civil penalty against Defendant in the amount of $100 for the initial

9 violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the

10 California Labor Code for Plaintiffs and for member of the Wage Statement and PAGA Penalty

11 Subclass during all of the pay periods in the one year preceding the filing of this Complaint

12 through the present and on-going until the violations are corrected or this subclass is certified;

13          b.     All penalties available under Section 558 of the California Labor Code and

14 the Labor Code Private Attorneys General Act of 2004;

15          c.     An award of reasonable attorney's fees against Defendant as specified in

16 Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection

17 with the PAGA claims;

18          d.     An award of all costs incurred by the undersigned counsel for Plaintiffs in

19 connection with Plaintiffs and Class Members' PAGA claim against Defendant, as provided for in

20 Labor Code § 2699(g)(1);

21      10.     All other relief as this Court deems proper.

22

23 Dated: July 30, 2019                 Respectfully,

24                                     ACKERMANN & TILAJEF, P.C.
                                    MELMED LAW GROUP P.C.

25

26                                   BY:     Craig J. Ackermann, Esq.

27                                         Jonathan Melmed. Esq.
                                        *Attorneys for Plaintiff, the Aggrieved*

28                                         *Employees, and the Putative Class*

07/30/2019

EXHIBIT 2
Page 33