1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

[*See additional counsel on next page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

Bobby Lee Hansen and Jackie Thompson, as representative Plaintiffs for the LWDA and other aggrieved employees,

        Plaintiffs,

v.

New Prime, Inc., a Nebraska Corporation, and DOES 1 to 100, inclusive,

        Defendant.

**CASE NO: 2:19-cv-07517-DOC-AGR**

**SECOND AMENDED REPRESENTATIVE ACTION COMPLAINT PURSUANT TO THE CALIFORNIA PRIVATE ATTORNEY GENERALS ACT OF 2004, CAL., LAB. CODE § 2698, ET SEQ., FOR**

1. **Penalties Pursuant to Labor Code § 2698 *et seq.* for violations of California Labor Code §§ 201 – 203, 226, 226.2, 226.8, 1194, 1194.2, and 2802**

**DEMAND FOR JURY TRIAL**

**MELMED LAW GROUP P.C.**
Jonathan Melmed, CA Bar No. 290218
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

Attorneys for Plaintiffs, the LWDA, and the Aggrieved Employees

Plaintiffs Bobby Lee Hansen and Jackie Thompson ("Plaintiffs"), on behalf of the people of the State of California and as "aggrieved employees" acting as private attorney generals under the Labor Code Private Attorneys General Act of 2004, § 2698, *et seq.* ("PAGA"), complain and allege of Defendant New Prime, Inc. ("Defendant" or "New Prime") as follows:

**OVERVIEW OF CLAIMS**

1.    Plaintiffs bring this representative action pursuant to Labor Code § 2699, *et seq.*, on behalf of the State of California on behalf of the group of aggrieved employees defined as "*all California residents who worked as truck drivers and who are or have been classified as independent contractors by Defendant New Prime, Inc. in California from May 10, 2018 and ongoing*" (the "Aggrieved Employees").

2.    Plaintiffs, on behalf of themselves and all Aggrieved Employees who presently or formerly worked for Defendant but who were misclassified as independent contractors during the PAGA Period (May 10, 2018 and ongoing) bring this representative action pursuant to Labor Code § 2699, *et seq.* seeking penalties for Defendant's violation of California Labor Code §§ 201-203, 226, 226.2, 226.8, 1194, 1194.2, and 2802. Based upon the foregoing, Plaintiffs and all Aggrieved Employees are "aggrieved employees" within the meaning of Labor Code § 2699, *et seq.*

**VENUE**

3.    Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. section 1391(b)(2).  Many of the Aggrieved Employees performed work during the PAGA Period for Defendant in Los Angeles County.  Defendant maintains its main California terminal and maintains its principal place of business and its corporate headquarters in City of Industry, California in Los Angeles County. Many of the acts alleged herein, including Defendant's misclassification of its drivers, failure to pay separately and hourly for Non-Driving Tasks, its failure to issue compliant wage statements, and its failure to reimburse drivers for their

business expenses, occurred in Los Angeles County.  Venue is therefore proper in in this judicial district.

## JURISDICTION

4.     This Court has subject matter jurisdiction over any and all causes of action asserted herein because Plaintiffs' original class action complaint pleaded facts sufficient to trigger federal jurisdiction pursuant to 28 U.S.C. section 1332(a) and (d), since the parties are citizens of different states, and the original class action lawsuit involved an amount in controversy that exceeds $5 million. Continuing jurisdiction is in the discretion of the Court now that only PAGA claims remain. Arguably, with the parties as citizens of different states and more than $75,000 at stake, subject matter jurisdiction remains.

5.     This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Los Angeles and State of California through their acts, and by their violation of the California Labor Code and California state common law. Defendant transacts millions of dollars of business within the state of California.

## THE PARTIES

6.     Plaintiff Bobby Lee Hansen is a California resident and, from May 2017 through March 2019, was misclassified as a contractor but was actually employed by Defendant as a truck driver in California.  At all relevant times, Plaintiff held and possessed a valid California driver's license allowing him to drive a truck in California.

7.     Plaintiff Jackie Thompson is a California resident and, from April 2018 through January 2019, was misclassified as a contractor but was actually employed by Defendant as a truck driver in California. At all relevant times, Plaintiff held and possessed a valid California driver's license allowing him to drive a truck in California.

8.     Plaintiffs represent the state of California as well as the group of

Aggrieved Employees defined above in paragraph 1.

9.     From at least May 10, 2018 through the present, and on-going, Defendant's drivers, including Plaintiffs during their employment, were willfully misclassified as independent contractors; were not paid by Defendant for their time spent on Non-Driving Tasks; were not provided accurate and/or complete wage statements; were not reimbursed for all gas mileage expenses, personal cell phone expenses for work purposes, and other business expenses; and did not receive all of their wages due upon termination of their relationship with Defendant.

10.    Defendant is a Nebraska Corporation with its place of business in City of Industry, California.  Defendant is a trucking and logistics company that transacts millions of dollars of business transporting general freight and refrigerated food throughout California and neighboring states.  Despite its willful pattern and practice of misclassification of Plaintiffs and Aggrieved Employees, Defendant was and is the employer of Plaintiffs and Aggrieved Employees for all relevant time periods.  In fact, Defendant employed Plaintiffs and the Aggrieved Employees as truck drivers in California at various times during the PAGA Period.  At any one time during the PAGA Period, Defendant associated with more than 25 truck drivers in California who were willfully misclassified as contractors.  Due to turnover during the PAGA Period, the total number of Aggrieved Employees is estimated to be over 100.

## FACTUAL ALLEGATIONS

11.    Defendant operates and, at all times during the PAGA Period, has done and does business in California transporting general freight and refrigerated food throughout California and neighboring states.  Defendant, in the course of operating its business in California during the PAGA Period, employed Plaintiffs and the Aggrieved Employees, even though they were misclassified as independent contractors.

12.    Defendant operates and maintains its terminal in California from where its drivers pick up and transport general freight and refrigerated food throughout

California and neighboring states.  Typically, Defendant's drivers pick up general freight and refrigerated food and deliver throughout California and neighboring states.  During the PAGA Period, Plaintiffs, like the other Aggrieved Employees, typically worked ten to twelve hours per day and five to six days per week.  Drivers' job duties included: completion of paperwork, pre- and post-trip inspections, refueling and cleaning of the truck, checking the oil and motor, filling up the gas tank, loading/unloading and, most importantly, hauling and delivering general freight and refrigerated foods to various locations throughout California.

13.     Since at least one year prior to the filing of this action, Defendant has maintained policies and practices based on or including the willful misclassification of Plaintiffs and Aggrieved Employees as independent contractors.   Under applicable standards of law, Plaintiffs and Aggrieved Employees are, or were during their employment by Defendant, employees and not independent contractors.

14.     In order to provide its transportation and logistics services, Defendant utilizes Plaintiffs and Aggrieved Employees as truck drivers. Defendant claims that its drivers are independent contractors when, in reality, they are employees who are controlled by Defendant, paid by Defendant, have Defendant's signs on their trucks when driving, and whose relationship with Defendant can be terminated by Defendant for cause.   Defendant pays its drivers per load delivered or per mile driven.

15.     Defendant retained and retains the right to control the method and manner of how Plaintiffs and Aggrieved Employees performed their job duties, and retained and retains all necessary control over Plaintiffs and the Aggrieved Employees during their employment.  Among other things, Plaintiffs and Aggrieved Employees are required to follow detailed requirements imposed on them by Defendant governing their interaction with customers and their deliveries; for example, Defendant maintains strict time deadlines for its drivers to make their deliveries to Defendant's customers. Further, Defendant sets driver's rates, and

directs when and where to make their deliveries. As a result, under applicable law and precedents, Plaintiffs and Aggrieved Employees were employees of Defendant. *See*, *e.g. Dynamex Operations West, Inc. v. Superior Court*, 4 Cal. 5th 903 (956-57) Cal. 2018 (setting forth the "ABC Test" as codified by California Assembly Bill 5 (2019) for determining whether an individual performing work is an independent contractor or an employee); *Vasquez v. Jan-Pro Franchising International, Inc.*, SC S258191 (January 14, 2021) (*Dynamex* applies retroactively)*; See,* also, *Ayala v. Antelope Valley Newspapers, Inc.* (2014) 59 Cal.App.4th   522; *Ruiz v. Affinity Logistics, Corp.,* 754 F.Supp.3d 1093 (9th Cir. 2014) (employer's right to control detail of drivers' work support finding of employer-employee relationship); *Alexander v. FedExGround Package System, Inc.* 765 F.Supp.3d 381 (9th Cir. 2014) (driver were employees as a matter of law where FedEx controlled times drivers worked and controlled aspects of when packages would be delivered); *See*, also, *Taylor v. Shippers Transport Express, Inc.,* 2014 W.L. 7499046 (C.D. Cal. 2014) (finding employee status for drivers as a matter of law); and *Villapando v. Excel Direct, Inc.,* 2015 W.L. 15179486 (N.D. Cal. 2015) (granting summary judgment to Plaintiffs on Defendant's defense that the drivers at issue were independent contractors); *see also* Labor Code sections 2750.3 and 226.8.

16.     During the PAGA period, Aggrieved Employees, at the direction of Defendant and/or with Defendant's knowledge and acquiescence, have used their personal cell phones to remain in contact with their managers, dispatchers and customers to perform necessary work-related duties on California routes. Further, Defendant's dispatchers and managers routinely communicated with Plaintiffs and Aggrieved Employees for necessary business-related matters by calling and texting them on their personal cell phones. Aggrieved Employees, throughout their workdays, also use their personal cell phone to remain in contact with their managers, dispatchers and, in many cases, Defendant's customers, all with the knowledge and/or acquiescence of Defendant.

17.     Aggrieved Employees, in order to conduct their daily work, incurred significant costs in fueling their trucks amounting to hundreds of dollars each per month.

18.     Defendant retains the right to terminate Plaintiffs and Aggrieved Employees' working relationships with Defendant at its discretion.

19.     Plaintiffs and Aggrieved Employees regularly rendered their services to Defendant, which constituted a form of manual labor, and these services were an integral part of Defendant's business of providing delivery service to its customers.

20.     Through the performance of their job duties, Aggrieved Employees, including Plaintiffs, perform an integral and entirely essential aspect of Defendant's business of delivering products and materials to customers: Defendant is a truck driving company, Plaintiffs and Aggrieved Employees are its truck drivers.

21.     Defendant's willful misclassification of Plaintiffs were part of a pattern or practice of willful misclassification of Plaintiffs and the other Aggrieved Employees.  Accordingly, Plaintiffs and the other Aggrieved Employees are entitled to the stepped-up penalties as set forth in Labor Code Section 226.8(c).

22.     During the PAGA Period, Defendant compensated drivers based on a "per mile or per load" piece-rate compensation system with no additional and separate pay on an hourly basis for time spent on inspections, cleaning/fueling and/or paperwork and loading and unloading time (i.e., the Non-Driving Tasks) in California.

23.     Plaintiffs, like other Aggrieved Employees, typically spent approximately 30 minutes to an hour every day in California fueling their trucks.

24.     Plaintiffs, like other Aggrieved Employees, typically spent one to two hours per day in California on work related paperwork and another half hour per day on DOT federally mandated inspections before and after each shift.

25.     Plaintiffs, like other Aggrieved Employees, typically spent one to two hours per day in California loading and unloading the truck at pickup and drop-off

locations.

26.     Under California law, Defendant was and is obligated to pay drivers, including Plaintiff, separately and hourly for their Non-Driving Tasks in California. *See* Labor Code section 226.2; *Cardenas v. McLane FoodServices, Inc.* (C.D.Cal.2011) 796 F.Supp.2d 1246, 1252 (piece-rate pay system that did not separately and hourly pay truck drivers for non-driving tasks violates California law requiring compensation for each hour worked); and *Gonzalez v. Downtown LA Motors, LP*, (2013) 215 Cal. App. 4th 36, 49 (favorably citing and adopting *Cardenas*).

27.     Furthermore, by virtue of the misclassification, Defendant did not issue compliant wage statements to its truck drivers in California, under Labor Code Sections 226(a) and 226.2.  Specifically, Defendant has not and does not issue wage statements that include drivers' total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Section 226(a), including for all time spent on Non Driving Tasks. *See,* Labor Code § 226.2.

28.     Courts in California have held, in the summary judgment context, even before the passage of Labor Code Section 226.2, that drivers' hours must be reported on their paystubs, even in cases where drivers are paid on a piece-rate basis.  *See, Cicairos v. Summit Logistics* (2005) 133 Cal.App.4th 949, 960-961 ("The "Driver Trip Summary—Report of Earnings" statements, which drivers received with their earnings statements, did not remedy the deficiencies in the earnings statements.  The trip summaries showed a time the driver was dispatched, which was one or more times on a working day.  After the dispatch time were columns for how many miles traveled, stops, delay minutes, and other categories.   The summaries did not, however, show how many hours the driver worked each day or during the pay period. Thus, the defendant failed to provide the Plaintiff with itemized wage statements that meet the requirements of Labor Code section 226"); *McKenzie v.*

*Federal Express Corp.*, 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) ("[T]he Court finds that FedEx violated Section 226(a)(2) by failing to state the "total hours worked by [an] employee" in its wage statements"); *Cornn v. United Parcel Service, Inc.*, 2006 W.L. 449138, *2-3 (N.D.Cal. 2006) (denying defendant's motion for summary judgment on Section 226 claim and noting, "[i]nstead, the Court holds that if UPS failed to report the actual number of hours worked on Plaintiff's wage statements, then the company violated section 226."). This is also now clear from Labor Code Section 226.2(a)(1)-(2).

29.    Furthermore, for purposes of establishing a claim for PAGA penalties based on Labor Code Section 226, Plaintiff need not establish any "injury" other than showing that the paystubs lacked the hours worked required by Labor Code section 226(a)(2). *See, McKenzie v. Fed. Express Corp.*, 765 F.Supp.2d 1222 (C.D. 2011) (holding that drivers' wage statements were deficient as a matter of because, *inter alia*, the statements lacked drivers' total hours worked, and also determining that to recover PAGA penalties based on a deficient wage statement, a Plaintiff need not prove an "injury", and could move for summary judgment on behalf of other Class Members).

30.    Defendant does not maintain an expense reimbursement policy and/or practice stating that Defendant will affirmatively reimburse Aggrieved Employees for a reasonable portion of their monthly personal fuel and cell phone bills and other expenses necessarily incurred in their discharge of their duties, as required by *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137 (Cal. Aug. 12, 2014) ("We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills.") (reversing denial of class certification in cell phone reimbursement class action and setting forth the applicable law for these claims); *Aguilar v. Zep, Inc.*, 2014 WL 4245988

*17 (N.D.Cal. Aug. 27, 2014) (granting plaintiffs' motion for partial summary judgment on the plaintiffs' cell phone reimbursement claim); *Ritchie v. Blue Shield of California*, 2014 WL 6982943, at *21 (N.D.Cal. Dec. 9, 2014) (Hon. Edward Chen) (certifying class of cell phone reimbursement claim and adopting the logic of *Cochran*).  By virtue of its willful misclassification of the Aggrieved Employees, Defendant violated Labor Code § 2802 by failing to reimburse Plaintiffs and the Aggrieved Employees for their business-related expenses including gas expenses incurred, cell phones bills, license plate registration and fees, insurance expenses for operating their trucks and costs of maintenance and repairs.  As a result, Plaintiffs and Aggrieved Employees spent hundreds of dollars each month on non-reimbursed business-related expenses that should have been paid for by the Defendant.

31.    Following Plaintiffs separation of employment from Defendant, they, like other members of the Aggrieved Employees who are former employees of Defendant, did not receive all wages due, including wages due for his unpaid time for Non-Driving Tasks during the PAGA Period, in violation of Labor Code Sections 201-203, triggering waiting time penalties under those provisions.

32.    The administrative prerequisites of PAGA have been satisfied because more than 65 days have elapsed since May 10, 2019 (i.e., 65 days since Plaintiffs' mailing of the PAGA notice) with no further communication from the LWDA to Plaintiffs' counsel, prior to Plaintiffs' filing suit. The actionable period is one year prior to the sending of the LWDA letter through the present. Plaintiffs have paid the $75.00 fee and have otherwise satisfied the administrative prerequisites of PAGA, as amended.

### FIRST CAUSE OF ACTION
### PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST DEFENDANT FOR PENALTIES PURSUANT TO LABOR CODE § 2699, ET SEQ. FOR VIOLATIONS OF LABOR CODE §§ 226.8 AND 201-203, 226, 226.2, 1194, 1194.2, AND 2802

33.    Plaintiffs re-allege and incorporate by reference each and every

allegation set forth in the preceding paragraphs.

34.    Based on the above allegations incorporated by reference, Defendant violated Labor Code §§ 201-203, 226, 226.2, 226.8, 1194, 1194.2, and 2802.

35.    As a result of the acts alleged above, Plaintiffs seek penalties under Labor Code § 2699, et seq. because of Defendant's violation of Labor Code §§ 201-203, 226, 226.2, 1194, 1194.2, and 2802.

36.    Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiffs and all other Aggrieved Employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period per violation; and

$200 for each subsequent violation per employee per pay period per violation. These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These penalties may be stacked separately for each of Defendant's violations of the California Labor Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug. 19, 2008); *Smith v.*

*Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

37.    In addition, to the extent permitted by law, for the intentional misclassification of Plaintiffs and the Aggrieved Employees as independent contractors, in violation of Labor Code § 226.8 (a), Plaintiffs seek penalties pursuant to Labor Code § 226.8 (b) and (c). Labor Code § 226.8(b) provides that, "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a), the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law." Labor Code § 226.8(c) provides that, "If the Labor and Workforce Development Agency or a court issues a determination that a person or employer has engaged in any of the enumerated violations of subdivision (a) and the person or employer has engaged in or is engaging in a pattern or practice of these violations, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Here, Defendant engaged in a pattern and practice of misclassification of the Aggrieved Employees across the state. Accordingly, through PAGA and to the extent permitted by law, Plaintiffs and the aggrieved employees are entitled to recover the specified penalties for violations of Labor Code §§ 226.8(a), (b), and/or (c).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of the State of California, prays for judgment against Defendant as follows:

a.    A civil penalty against Defendant in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and all aggrieved employees for

each and every pay period during that occurred between May 10, 2018 and the date of judgment and/or approval of settlement for violations of Labor Code § 201-203, 226, 226.2, 1194, 1194.2, and 2802;

b.      A civil penalty in the amount of at least $5,000 for the initial violation and $10,000 for each subsequent violation as specified by Labor Code §§ 2699 (f) and 226.8(b) of  the Labor Code for each and every pay period during that occurred between May 10, 2018 and the date of judgment and/or approval of settlement for violations of Labor Code § 226.8(a);

c.      Alternatively to subsection (b), a civil penalty in the amount of $10,000 for the initial violation and $25,000 for each subsequent violation as specified by Labor Code §§ 2699 (f) and 226.8 (c) of the Labor Code for each and every pay period that a pattern or practice of misclassification can be shown and that occurred between May 10, 2018 and the date of judgment and/or approval of settlement for violations of Labor Code § 226.8(a);

d.      An award of reasonable attorney's fees against Defendant as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

e.      An award of all costs incurred by the undersigned counsel for Plaintiffs in connection with Plaintiffs' and the aggrieved employees' claims against Defendant as provided for in Labor Code § 2699(g)(1);

e.      All other relief as this Court deems proper.

Dated: March 17, 2021                  Respectfully,
                                       ACKERMANN & TILAJEF, P.C.
                                       MELMED LAW GROUP P.C.

                                 By:   */s/ Craig Ackermann*
                                       Craig Ackermann, Esq.
                                       Jonathan Melmed, Esq.
                                       Counsel for Plaintiffs and the Aggrieved
                                       Employees